# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB WINDING dba TOP TO BOTTOM CLEANING SERVICE, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, et al., <br><br> Defendants. <br> _____ | CASE NO. 1:11-cv-00555-AWI-SKO <br><br> ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF <br><br> (Docket No. 11) |

## INTRODUCTION

On May 13, 2011, Counsel Vernon C. Goins and Veronica H. Garcia of Goins & Associates ("Counsel") filed a motion to withdraw as counsel for Plaintiff Jacob Winding dba Top to Bottom Cleaning Service ("Plaintiff"). (Doc. 11.) The motion was referred to this Court pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302. This matter was taken under submission pursuant to Local Rule 230(g), and the June 15, 2011, hearing is VACATED.

For the reasons set forth below, Counsel's motion to withdraw as counsel for Plaintiff is GRANTED.

## RELEVANT PROCEDURAL BACKGROUND

On March 3, 2011, Plaintiff, in *pro per*, filed a complaint in the Stanislaus Superior Court (Case No. 662612) against Defendants Wells Fargo Bank ("Wells Fargo") and Cal-Western Reconveyance ("Cal-Western"). (Doc. 1, Exh. A.) The complaint is based upon foreclosure proceedings and alleges causes of action for fraud, conspiracy, quiet title, declaratory relief, and cancellation of instruments pursuant to California Civil Code Section 2924 *et seq*. (incorrectly identified in the complaint as California Code of Civil Procedure Section 2924 *et seq.*) (Doc. 1, Exh. A.)

On April 4, 2011, Wells Fargo filed a notice of removal based on diversity and Cal-Western consented to and joined the removal. (Doc. 1; Doc. 1-3.) On April 19, 2011, Wells Fargo filed a motion to dismiss and a motion to strike portions of Plaintiff's complaint. (Docs. 6, 7.) Those motions are currently under submission before Chief Judge Anthony W. Ishii. (Doc. 16.)

On May 13, 2011, Counsel for Plaintiff filed a motion to withdraw as counsel, asserting that it has become unreasonably difficult to represent their client effectively.[1]

## DISCUSSION

Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

---

[1] Counsel brings this motion pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct Nos. 2-111(C)(1)(d) and 3-700(C)(3). It is unclear to what Local Rule counsel is referring, as that is not the Local Rule for the Eastern District of California. Further, California Rules of Professional Conduct No. 2-111 has not been in effect since May 26, 1989. *See* The State Bar of California, "1975" Rules of Professional Conduct, p. 4, http://rules.calbar.ca.gov/LinkClick.aspx?fileticket=PKDd3m1m7L8%3d&tabid=1258 (last visited Jun. 9, 2011). The Court is perplexed as to why Counsel is citing rules that do not apply to this District or are over 22 years out-of-date.

Attached to Counsel's motion is the Declaration of Vernon Goins, in which he indicates that Counsel has "reached an impasse with [Plaintiff] regarding the prosecution of his case." (Doc. 11-2, ¶ 2c.) This impasse is due to "the court's rulings on the motions presented . . . in [Plaintiff's] other case before this Court. [Counsel] advised [Plaintiff] of his options in moving forward with his case. [Plaintiff] disagrees with counsel's advice, and believes that his case should proceed." (Doc. 11-2, ¶ 2c.) As a result of this disagreement, "a conflict of interest has arisen that impedes [Counsel] from continuing to represent [Plaintiff] in this matter." (Doc. 11-2, ¶ 2c.)

Counsel has provided complete contact information for Plaintiff and indicates that the instant motion has been served upon Plaintiff and Defendants. (Doc. 11-2, ¶¶ 3-4; Doc. 18 [Proof of Service].) No opposition has been filed.

California Rules of Professional Conduct No. 3-700(C)(1)(d) provides that an attorney may request permission to withdraw when the client engages in conduct that "renders it unreasonably difficult for [counsel] to carry out the employment effectively." Rule No. 3-700(A)(2) further states that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[2] and complying with applicable laws and rules." Here, counsel has provided Plaintiff with notice of the motion and with time to find additional counsel. Plaintiff has not opposed the motion. Moreover, this litigation is in its early stages. Counsel has fulfilled its current obligations and has filed an opposition on behalf of Plaintiff to the motions to dismiss and strike currently under submission. No other motions are pending with the Court. Therefore, the risk of prejudice to Plaintiff is minimal, although Plaintiff should be aware that if the Court grants either the motion to dismiss or strike with leave to amend, Plaintiff will have limited time in which to file an amended complaint.

Because no opposition has been filed and because there appears to be no prejudice to Plaintiff, the motion is GRANTED.

---

[2] Section 3-700(D) pertains to returning property and funds to clients.

3

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to withdraw as counsel is GRANTED;

2. Counsel is ordered to serve a copy of this order on Plaintiff via the United States Postal Service forthwith.  Counsel shall provide the Court with a declaration indicating proof of service;

3. The Clerk of the Court is ORDERED to RELIEVE Vernon C. Goins and Veronica H. Garcia of Goins & Associates as counsel for Plaintiff; and

4. Plaintiff is SUBSTITUTED in *pro se.*  Pursuant to the Declaration of Vernon Goins submitted with this motion (Doc. 11-2), Plaintiff's address is:

   Jacob Winding
   6 West Main Street
   Stockton, CA 95202

IT IS SO ORDERED.

**Dated:   June 9, 2011**              /s/ Sheila K. Oberto
                              UNITED STATES MAGISTRATE JUDGE