**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB WINDING dba Top to Bottom Cleaning Service, | CV F 11 - 0555 AWI SKO |
| Plaintiff, | MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) |
| v. | |
| WELLS FARGO BANK, N.A., a National Association; CAL-WESTERN RECONVEYANCE, a California corporation; and DOES 1 through 100, inclusive, | Doc. # 6 |
| Defendants. | |

This is an action for monetary damages, declaratory and injunctive relief and to quiet title by Jacob Winding dba Top to Bottom Cleaning Service ("Plaintiff") against defendants, Wells Fargo Bank, N.A. ("Wells Fargo") and Cal-Western Reconveyance ("Cal-Western") (Collectively, "Defendants"). The action arises out of the foreclosure and sale of a property located in Modesto, California (the "Property"). In the complaint, Plaintiff alleges claims for relief for fraud, conspiracy, to quiet title, and seeks cancellation of void instrument. In the instant set of motions, Defendants seek to strike Plaintiff's claims for punitive damages and seek to dismiss each of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This action was removed to this court under diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in this court.

**JUDICIAL NOTICE**

Defendants' request for judicial notice, Document No. 8, was filed concurrently with their motion to dismiss on April 19, 2011.  Defendants request that the court take judicial notice of the following documents, copies of which are attached as exhibits to the request:

1. Deed of Trust signed by Warner and Iris Bowers dated May 29, 2007, and recorded in the official records of the Stanislaus County Recorder on June 6, 2007, as Document No. 2007-0075491-00.  Exhibit A.
2. Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the Treasury ("OTS").  Exhibit B.
3. Letter dated November 19, 2007, issued by the OTS.  Exhibit C.
4. Charter of Wachovia Mortgage, FSB, dated December 31, 2007, reflecting in Section 4 that it is subject to the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, *et seq.*, and the OTS.  Exhibit D.
5. Official Certification of the Comptroller of the Currency ("OCC") stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. Exhibit E.
6. Printout from the website of the Federal Deposit Insurance Corporation dated September 2, 2010, showing the history of Wachovia Mortgage, FSB.  Exhibit F.
7. Deed of Trust between Warner Bowers (Trustor) and Jacob Winding (Trustee) and TTB Services (Beneficiary) signed by Warner Bowers on December 5, 2001, and recorded in the official records of the Stanislaus County Recorder on August 18, 2009, as Document No. 2009-0081515-00.  Exhibit G.
8. Notice of Default dated May 26, 2009, and recorded in the Stanislaus County Recorders Office on May 27, 2009, as Document No. 2009-005207-00; Exhibit H.
9. Quitclaim Deed recorded signed by Warner and Iris Bowers on December 4, 2009,

|   |   |   |
|---|---|---|
| | | and recorded in Stanislaus County Recorder's Office on December 7, 2009, as Document No. 2009-0116659-00.  Exhibit I. |
| | 10. | Notice of Trustee's Sale dated February 16, 2010, and recorded in the Stanislaus County Recorder's Office on February 25, 2010, as Document No. 2010-018633-00.  Exhibit J. |
| | 10. | Corporation Grant Deed dated March 31, 2010, naming Top to Bottom Cleaning Services as Grantee, recorded in the Stanislaus County Recorder's Office on April 1, 2010, as Document No. 2010-0029430-00.  Exhibit K. |

Doc. # 8 at 2:3-3:7.

 Pursuant to Rule 201(b) of the Federal Rules of Evidence, an adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Id. Therefore, "a court 'may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the Pacer system via the internet.' [Citations.]" Peviani v. Hostess Brands, Inc., — F.Supp.2d —, 2010 WL 4553510 (C.D. Cal. 2010) at *3 (citing C.B. v. Sonora Sch. Dist., 691 F.Supp.2d 1123, 1138 (E.D.Cal.2009); see also Holder v. Holder, 305 F.3d 854, 866 (9th Cir.2002)).

The court has examined the documents supplied as Exhibits A, G, H, I, J and K to Defendants' request for judicial notice and finds these documents appear to be, as Defendants' allege, documents duly recorded by the Stanislaus County Recorder.  The court also notes Plaintiff has filed no opposition to Defendants' request for judicial notice.  The court finds that Exhibits A, G, H, I, J and K are documents duly recorded and therefore proper for judicial notice.  The court will judicially notice those documents.

Defendants also contend that judicial notice is appropriate for Exhibits B, C, D, E and F because those documents reflect official acts of executive departments of the United States.

3

The California Evidence Code specifically provides that judicial notice is proper for documents that reflect the acts of executive agencies of the United States government. Pursuant to California Evidence Code section 452, subdivision (c), judicial notice may be taken of "[o]fficial acts of the legislative, executive or judicial departments ... of any state of the United States." Ordlock v. Franchise Tax Bd., 38 Cal.4th 897, 912 n.8 (2006) (quoting Cal. Evid. Code § 452(c)). It has been the practice of district courts in California, in cases such as the one at bar, to follow the California Evidence Code by judicially noticing official acts of the OTS, the Comptroller of the Currency, and the FDIC, particularly where the acts in question reflect official recognition of existence, name change or the status of the financial organization with respect to federal regulation. See, e.g., Coppes v. Wachovia Mortgage Corp., 2010 WL 4483817 (E.D. Cal. 2010) at *2-*3 (noting that documents reflecting change of bank name and status were properly judicially noticed and providing case examples from California District Courts).

The court has examined the documents submitted as Exhibits B, C, D, E and F to Defendants' request for judicial notice and finds they appear to be, as Defendants allege, letters and other documents memorializing the official acts of the executive branch of the federal government. Again, Defendants' request for judicial notice is not opposed. For the reasons set forth in Coppes and the case authority cited therein, the court finds that judicial notice of Exhibits B, C, D, E and F is appropriate.

Having determined that each of the Exhibits submitted by Defendants in their request for judicial notice are each properly subject to judicial notice, the court will grant Defendants' request for judicial notice in its entirety.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

To avoid confusion, the court begins by noting that this action involves very similar parties, non-parties, claims and factual context as was the case in Winding v. NDEX West, 10cv2026, an action before this court in which judgment was entered on May 18, 2011. The

primary difference between this case and the preceding case is the location of the property at issue. This action concerns property located in the city of Modesto, California whereas the prior case concerned property located in Salida, California. The factual background presented here is drawn from the complaint and from the documents included as Exhibits to Defendants' request for judicial notice. The facts underlying this action and presented here are not disputed except as noted.

At issue in this action is a piece of property located at 302 California Avenue, Modesto in Stanislaus County (hereinafter, the "Property"). The first factual allegation set forth in Plaintiff's complaint is that Plaintiff "did and at all relevant times purchase the deed to the improved real property located at: 302 California Avenue, Modesto, California." Doc. # 1 at 13 ¶ 10. The court has examined Plaintiff's complaint and the documents for which judicial notice has been granted and finds that Plaintiff's factual allegations regarding ownership of the Property may be misleading in that important facts concerning the conditions under which Plaintiff assumed ownership are omitted. The court will therefore resort to facts that are alleged by Defendants in their motion to dismiss and that are evident on the face of the documents that have been judicially noticed.

The prior owners of the Property were Warner and Iris Bowers. On April May 29, 2007, World Savings Bank loaned $217,000 (hereinafter, the "Loan") to Warner and Iris Bowers secured by a first trust deed against the Property (hereinafter the 2007 Trust Deed). As documented by Defendants' Exhibits, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB on December 31, 2007. Exh. C. Thereafter, the Comptroller of the Currency certified the change of Wachovia Mortgage to Wells Fargo Bank Southwest and the merger of Wells Fargo Bank, Southwest with and into Wells Fargo Bank, N.A. on November 1, 2009. Exhibits E and F.

A notice of default on the Loan was recorded on May 27, 2009, by Cal Western on behalf of Wachovia Mortgage. Exh. H. The notice of Default lists Warner and Iris Bowers

as trustors on the Deed of the 2007 Trust Deed. On December 4, 2009, the Property was transferred by quitclaim deed from Warner and Iris Bowers to TTB Services, Inc. The quitclaim deed was recorded on December 7, 2009. Exh. I. The Notice of Trustee's Sale was recorded on February 25, 2010. Exh. J. The Notice of Trustee's Sale scheduled the sale of the Property to occur on March 17, 2010. On April 1, 2010, title to the Property was transferred by means of corporation grant deed from TTB Services, Inc. to Top to Bottom Cleaning Service, a partnership.[1] See Exh. K. Plaintiff's complaint alleges the actual Trustee's Sale occurred on or about February 28, 2011.

The complaint in this action was originally filed in Stanislaus County Superior Court on March 3, 2011. At the time of filing, Plaintiff was representing himself *in pro per*. Defendants removed the action to this court on April 4, 2011. The complaint alleges claims for: (1) common law fraud, (2) conspiracy, (3) quiet title, (4) declaratory relief, and (5) cancellation of void instrument pursuant to California Code of Civil Procedure.§ 2924f. Plaintiff's complaint also requests punitive or exemplary damages with respect to Plaintiff's fifth claim for relief. Plaintiff's claims for relief appear to be pegged to one legal contention and one factual allegation. Plaintiff's basic legal contention is that Defendants lacked authority to declare default and order the sale of the property because Defendants did not hold both the promissory note and the deed of trust at the time. Factually, Plaintiff alleges he did not receive notice of sale of the property pursuant to "California Civil Code sections 2924(b)(2) and 2924(f)(b)(1)."[2]

The instant request for judicial notice and motions for summary judgment and to strike punitive damages claims were all filed on April 19, 20111. Plaintiff filed opposition to the motions to dismiss and the motion to strike on May 9, 2011. Plaintiff was represented by

---

[1] Based on information set forth in the judicially noticed documents, the court concludes Jacob Winding is sole proprietor of TTB Services but is a partner or principle partner of Top to Bottom Cleaning Services.

[2] The court presumes for purposes of this opinion that it was Plaintiff's intent to reference sections 2924b(2) and 2924f.

6

counsel as of the time his opposition briefs were filed. Defendants' reply briefs were filed on May 16, 2011. On May 20, 2011, the court vacated the scheduled hearing date and took the matter under submission as of May 23, 2011.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' [Citation.]" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, a district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are 'matters of public record' of which the court may take judicial notice pursuant to Federal Rule of Evidence 201. Id. Specifically, a district court may take judicial notice of public records related to legal proceedings in both state courts and in the district court. See Miles v. State of California, 320 F.3d 986, 987 (9th Cir. 2003) (district court taking judicial notice of related state court proceedings); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1894) (district court takes notice of prior related proceedings in the same court).

## DISCUSSION

**I. Plaintiff's Claim for Fraud**

Plaintiff's first claim for relief alleges fraud under California common law. Under California law, "[t]he elements of fraud are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' [Citation.]" Kaldenbach v. Mutual of Omaha Life Ins., 178 Cal.App.4th 830, 850 (4 Dist. 2009) (quoting Lazar v. Superior Court 12 Cal.4th 631, 638 (1996)). The misrepresentation, in this case, appears to be "Wells Fargo Bank's claim of ownership of the Subject Property," which Plaintiff contends is "based on an instrument procured by fraud and without compliance with California Civil Code statutory requirements." Doc. # 1 at ¶ 23. The crux of Plaintiff's allegation of fraud can be boiled down to the proposition that Wells Fargo, prior to the notice of default and sale of the Property, sold or otherwise transferred the promissory note and was therefore unable to show at the time of sale of the Property to a third party that Wells Fargo

was the legal owner of the Property. See, Doc. # 1 at ¶¶ 24-27.

Plaintiff has asserted this contention on at least two prior occasions in this court and each assertion has been dismissed. Briefly, California Civil Code § 2924 sets forth the requirements for conducting nonjudicial foreclosure proceedings and is intended to be exhaustive. See Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994); Homestead Sav. v. Darmiento, 230 Cal.App.3d 424, 432-33 (1991). A trustee has authority to conduct a nonjudicial foreclosure proceeding. Cal. Civ.Code § 2924(a)(1). Furthermore, it is well-settled that California law does not require production of the note as a condition to proceeding with a nonjudicial foreclosure proceeding. See id.; Quintos v. Decision One Mortg. Co., 2008 WL 5411636, at *3 (S.D.Cal. Dec. 29, 2008); Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906, at *7-8 (S.D.Cal. Oct. 30, 2008); see also Harrington v. Home Capital Funding, Inc., 2009 WL 514254, at *4 (S.D.Cal. Mar. 2, 2009). Thus, it is clear that if Plaintiff's claim for fraud is ultimately based on the theory that the note was not produced, then Plaintiff's claim is without merit.

In addition, Plaintiff alleges that "as Trustee, [Defendant Cal-Western] also engaged in fraudulent acts and/or omissions when it proceeded with the foreclosure sale of the [P]roperty knowing that Wells Fargo Bank did not have ownership interest in the [P]roperty, and also failed to provide the requisite notice of sale to all parties, including Plaintiff." Doc. # 1 at ¶ 28. Thus, to some extent, it appears that the alleged failure to provide proper notice of the foreclosure sale is a basis for Plaintiff's fraud claim. There are two problems with Plaintiff's contentions regarding notice. First, Plaintiff had constructive notice as of the date of the transfer of the Property by quitclaim deed that foreclosure proceedings were underway because the Notice of Default and Election to Sell had been recorded on May 27, 2009, approximately six months prior to the transfer of the property to Plaintiff. See Cal. Civ. Code § 1213 (providing that recordation of a conveyance of real property is constructive notice of the contents of the conveyance to any subsequent purchaser); Hanlon v. Western Loan &

Bldg. Co., 46 Cal.App.2d 580, 601 (1 Dist. 1941) (holding the recording of a trust deed was sufficient to defeat the contention that a subsequent purchaser under a quitclaim deed was a bona fide purchaser without notice). Thus, even if Plaintiff did not receive notice of the sale of the property, he was on notice of the defaulted loan and on notice that foreclosure sale was imminent and on notice of the amount necessary to cure the deficiency. See Knapp v. Doherty, 123 Cal.App.4th 76, 99 (6 Dist. 2004) (signal purpose of the notice of default is to advise trustor of amount required to cure default).

Significantly, Plaintiff does not allege that he did not know about the foreclosure sale or that he would have changed his behavior had he been properly informed. Neither does he allege that the alleged deficient notice was intended to induce some form of reliance. The complaint merely alleges notice was deficient without specifying exactly how that notice was deficient. As will be discussed more thoroughly *infra* mere deficiency of notice, without facts to indicate an intent to defraud is insufficient to establish a claim for fraud; particularly where there is no allegation that behavior would have been different if notice were adequate.

The court concludes Plaintiff has failed to state a claim for fraud upon which relief can be granted.

**II. Claim for Conspiracy**

"The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortuous act." Kidron v. Movie Acquisitions Corp., 40 Cal.App4th 1571, 1582 (1995). Under California law, the "elements of an action for civil conspiracy are (1) the formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design." Rusheen v. Cohen, 37 Cal.4th 1048, 1062 (2006).

The factual basis Plaintiff alleges to support the claim of conspiracy is somewhat ambiguous. Apparently the tort that is the basis of the allegation of civil conspiracy is the plan to "defraud Plaintiff of his title to, and interest in, the subject property. Plaintiff claims

10

that the Defendants "sold the Subject Property at trustee's sale under the Deed of Trust without ownership interest in the Subject Property, and without providing the requisite notice of sale to all parties having an interest in the Subject Property, including Plaintiff." Doc. # 1 at ¶ 34. Thus, Plaintiff's claim for conspiracy is tied to his claim for fraud; in particularly the fraud Plaintiff alleged in his first claim for relief. Plaintiff's claim for conspiracy thus stands or falls with his claim for fraud. Since the court has determined that Plaintiff's first claim for fraud fails to state a claim upon which relief can be granted, so too the claim for conspiracy must fail.

### III. Claim to Quiet Title

Defendants move to dismiss Plaintiff's claim to quiet title to the Property citing a number of pleading defects and citing Plaintiff's failure to show tender of the complete amount owing on the mortgage. California Code of Civil Procedure § 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title to which a determination is sought and the basis of the title, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title. The tender rule applies to a quiet title action because the claim is implicitly integrated to the foreclosure sale. Cal. Code Civ. Pro. § 761.020; Kozhayev v. America's Wholesale Lender, No. CIV S-09-2841 FCD DAD PS, 2010 WL 3036001, at *5 (E.D.Cal. Aug.2, 2010); see also Shimpones v. Stickney, 219 Cal. 637, 649, 28 P.2d 673 (1934). Thus, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." Gjurovich v. Cal., No. 1:10-cv-01871-LJO-SMS, 2010 WL 4321604, at *8 (E.D.Cal. Oct.26, 2010).

Plaintiff's complaint alleges that "Plaintiff is the true and rightful owner of the Subject Property: he used his funds to purchase the Subject Property; he has paid for and done all repairs, upkeep, renovations, and maintenance of the Subject Property; he paid all taxes due and assessed on the Subject Property since its purchase." Doc # 1 at ¶ 38. Putting

11

aside whether or not Plaintiff has filed a verified complaint, the first reason Plaintiff's claim to quiet title must fail is that Plaintiff has failed to establish a basis for his claim to the title. Plaintiff took the Property by way of quitclaim deed and is therefore subject to all existing liens and encumbrances. Thus, Plaintiff's ownership of the Property was subject to default in the absence of any cure of the default just as the prior owners would have been had there been no transfer of the Property to Plaintiff. The crux of this action is Plaintiff's contention that Defendants lacked authority to issue the notice of default and conduct the foreclosure sale because they were unable to produce the promissory note. As discussed above, that central legal contention is without merit. As a consequence Defendants had the authority to issue the notice of default and to proceed with the foreclosure sale. Plaintiff had the opportunity to cure the default "up until five business days prior to the date of the sale, including any postponement." Id. at 87 (citing Civ. Code § 2924c, subds.(a)(1) and (e). Having failed to avail himself of the opportunity to cure the default, Plaintiff lost his ownership interest in the Property as of the date of the trustee's sale.

Defendants also seek to dismiss Plaintiff's claim to quiet title on the ground Plaintiff has failed to allege tender. Plaintiff opposes dismissal of his quiet title claim on the ground that tender should not be required where it would be inequitable to do so. Doc. # 9 at 4:7 (citing FCPI-RE-HAB 01 v. E7G Inv., Ltd., 207 Cal.App.3d 1018, 1021 (1989)). With regard to whether tender would be inequitable, Plaintiff's argument is clear:

> Plaintiff alleges that Defendant [sic] either had no rights to begin with and/or no longer have any rights to claim title to the subject property. Plaintiff is not the borrower on the loan on which Defendant foreclosed on [sic]. Plaintiff is seeking to quiet title, cancellation of void instruments and deed of trust, and declaratory relief on the grounds that the foreclosure was wrongful because (1) Defendant did not have the right to foreclose on the property, and (2) as a record owner of the subject property, after having purchased the deed by way of valuable consideration[,] Plaintiff should have received Notice of Sale prior to foreclosure. Plaintiff was not provided Notice of Sale and therefore did not have the opportunity to try to stop the sale of the subject property. As such, the tender requirement makes no sense.

Doc. # 9 at 4:12-20.

12

Plaintiff offers no explanation why his allegation that he was not provided notice of the trustee's sale should render the requirement for tender inequitable, nor can the court imagine any reason. The reason that remains, then, is Plaintiff's contention that Defendants were without authority to carry out the foreclosure sale because they had no right or claim to the Property. The underlying basis for Plaintiff's contention that Defendants had no right or claim to the property is that the promissory note had been alienated and that Defendants had neither an interest in the note or permission to act as agents for the holders of the note. As has been discussed to some extent previously and will be discussed further *infra*, Plaintiff's legal theory is without merit. Consequently, there is no basis for Plaintiff's contention that it would be inequitable to require that Plaintiff plead tender in order to state a claim to quiet title.

The court concludes that Plaintiff's claim to quiet title fails to state a claim for which relief can be granted because it fails to both state a basis for the claim of title and fails to allege tender of the amount in default on the loan which Plaintiff assumed through his quitclaim deed.

**IV. Motion to Dismiss Plaintiff's Claim for Declaratory Relief**

Plaintiff's Fourth claim for relief seeks declaratory relief alleges that "Wells Fargo Bank has failed to show that it had a simultaneous interest in the promissory loan [sic] relating to the subject Property, and the Deed of Trust." Doc. # 1 at ¶52. Plaintiff's fourth claim contends that "Wells Fargo Bank must be able to demonstrate that the assignment of the promissory note traveled with the Deed of Trust, thus giving it the right and authority to foreclosure [sic] on the property." Doc. #1 at ¶ 53. In his opposition to Defendants' motion to dismiss, Plaintiff clarifies somewhat the underlying legal argument in this action. Plaintiff makes it clear that Defendants' possession of the original promissory note is not at issue in this case, but that it is Plaintiff's contention that "one possessing the deed of trust cannot foreclose on a mortgage without (1) also possessing some interest in the promissory note, or

13

(2) obtaining permission to act as agent of the note-holder." Doc. # 18 at 6:14-15. Plaintiff's argument relies primarily on Landmark Nat'l Bank v Kessler, 289 Kan. 528, 216 P.3d 158 2009 Lexis 834 (Kan. 2009)). Plaintiff further relies on Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo.App. 2009)), for the proposition that an entity that holds only the deed of trust, having sold or otherwise alienated the promissory note, "'will never experience default because only the holder of the note is entitled to payment of the underlying obligation.'" Id.

Defendants contend that Plaintiff's fourth claim for relief is not actionable because the claim fails to demonstrate "'the existence of an actual, present controversy over a proper subject.'" Doc. #6 at 16:13-14. The court agrees with Defendants that Plaintiff's request for declaratory relief is simply a restatement of the same legal theory asserted in Plaintiff's first and second claims for relief and is therefore not actionable. However, the court considers Plaintiff's claim for declaratory relief a good opportunity for the court to more directly state its conclusion with regard to Plaintiff's central legal theory.

Sections 2924 through 2924k of the California Civil Code "provide a *comprehensive* framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994) (italics added).

> Upon default by a trustor [under the deed of trust containing a power of sale], the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale. (Civ. Code 2924; [citation].) The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee.

Id. The statutory framework also defines the trustor's right to prevent foreclosure by curing the default by making back payments on the loan at any time up until five days before the trustee's sale; section 2924c subds. (A)(1) and (e); or by redemption by payment of all amounts due up to the time of the sale. Civil Code sections 2903, 2905.

As district courts in California have noted, the comprehensive nature of California's

14

statutory scheme for nonjudicial foreclosure renders inapplicable case authority from other jurisdictions. See, e.g. Newbeck v. Washington Mut. Bank, 2010 WL 291821 (N.D.Cal. 2010) at *7 n.5 (listing and noting the inapplicability of commonly cited out-of-state authority, including Landmark, in California foreclosure cases.)  Given the comprehensive nature of the California statutory scheme, this court concludes that it cannot impose requirements not found in statute except as might be imposed by a California court of competent jurisdiction.

As noted, California's statutory scheme grants the power to initiate and carry out foreclosure to the individual or entity that the deed of trust names.  In this case, the 2007 Deed of Trust that was foreclosed upon names the Lender; that is, Wells Fargo Bank, as the entity with the power of sale. See Exh. A to Defendant's request for Judicial Notice at ¶ 28 ("If there is a Breach of Duty by me, Lender may exercise the power of sale, take action to have the Property sold under applicable law . . . .").  Plaintiff does not identify and the court cannot find any other qualifications required of the Lender by statute in order to exercise the power of sale.  The court concludes that if it is Plaintiff's contention that Defendant must show some sort of ownership interest in the promissory note before instituting foreclosure proceedings, it is Plaintiff's burden to show the existence of such a requirement in California statute or California case law.  Since Plaintiff has failed to make the required showing, Plaintiff's claim for declaratory relief will be dismissed.

## V. Claim for Cancellation of Instruments

Plaintiff's fifth claim for relief is titled "Cancellation of Instruments Pursuant to Violation of CCP[3] Section 2924f et seq."  The claim is alleged against all defendants.  As Defendants point out, "[c]ancellation of instruments is an equitable claim remedy whereby a court can declare an instrument void when there is a reasonable apprehension that, if left

---

[3] Since the gravamen of Plaintiff's fifth claim for relief is that Plaintiff did not receive notice of the trustee's sale, the court assumes that Plaintiff intended to refer to California Civil Code section 2924f, rather than to the California Code of Civil Procedure.

15

outstanding, it will cause serious injury to a person against whom it is void or voidable." Doc. # 6 at 17:2-3 (citing Cal. Civ. Code § 3412). Based on ¶ 56 of Plaintiff's complaint, the court concludes that the instrument in question is the Trustee's Deed Upon Sale (the "Deed"). Plaintiff contends that the Deed is voidable in this case because it was obtained "by actual fraud, negligence, inadequate notice of sale and by false promises." Doc. #1 at 18:26-27. As Plaintiff points out in his opposition to Defendants motion to dismiss, the "fraud" alligation has two components; first, Plaintiff contends Defendants did not have authority to foreclose on the property, and second Plaintiff alleges he received no notice of the sale.

Plaintiff's contention that Defendants were without authority to conduct foreclosure proceedings has been thoroughly discussed *supra* and need not be discussed further. The court address here only the issue of deficient service of the Notice of Sale. Section 2924f specifies requirements for provision of notice of a trustee's sale; how notice is to be provided, to whom, when, and requirements for posting and publication of public notices. Plaintiff alleges that the Deed stated that "'all requirements of law regarding the recording and mailing of copies of the Notice of Default and Election to Sell and the recording, mailing, posting, and publication of the Notice of Trustee's Sale have been complied with.'" Doc. #1 at ¶ 18. Plaintiff contends that since notice of the trustee's sale was not provided to him, the contrary statement on the Deed rendered the sale fraudulent and therefore voidable.

Under California's non-judicial foreclosure statute:

> The purchaser at a foreclosure sale takes title by a trustee's deed. If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser. [Citations.]"

Knapp, 123 Cal.App.4th at 87 (quoting Moeller v. Lien, 25 Cal.App.4th 822, 830-831 (1994)).

At the outset it is important to note that the procedures set forth in sections 2429

16

through 2429h do not require that the trustor be provided actual notice. All that is required is that notice be provided in accordance with the statute. Knapp, 123 Cal.App.4th at 89. Further, the failure to provide notice in accord with all the requirements is not reason to invalidate the trustee's sale where the deviations from the statutory requirements are not substantial. See, id. at 93 (holding that slight deviation from notice of sale requirements does not warrant invalidation of foreclosure sale.)

As noted above, Plaintiff was not entitled to personal service of the Notice of Default and Election to Sell because he was not the record owner of the Property at the time the notice was recorded. Plaintiff is, however, charged with constructive notice of the Notice of Default because the Notice was duly recorded as of the time Plaintiff took title to the Property by way of a quitclaim deed. Similarly, the court has found that the fact that Plaintiff was not provided with Notice of the Trustee's Sale is not, in and of itself, sufficient to constitute fraud or conspiracy to commit fraud. What remains is the question of whether the failure of Defendants to properly discharge their obligations pursuant to section 2924f is sufficient to void the Trustee's Deed of Sale where there is a failure to perform all the requirements of section 2924f where there is no fraud and where there was constructive notice of the Notice of Default and Election to Sell.

There are two reasons Plaintiff's claim to cancel void instruments fails. First, even assuming for purposes of this discussion that Plaintiff was not provided written notice of the sale by mail in accordance with section 2924f, the absence of such notice under the circumstances of this case is not so substantial as to warrant invalidation of the trustee's sale. In Lenher v. United States, 685 F.2d 1187,(9th Dist. 1982), the Ninth Circuit Court of Appeals upheld the refusal of the district court to invalidate a trustee's sale where the notice of sale had been sent to the wrong address. Id. at 1190-1191. The Lenher court held that where there was evidence to support a finding that the trustor had actual notice of the imminence of the trustee's sale, the failure to provide written notice by mail was insufficient

reason to invalidate the trustee's sale.  Id.  Here, as in Lenher, the court finds that Plaintiff had at least constructive, and probably actual notice of the imminence of the trustee's sale because the Notice of Default and Election to Sell that was duly recorded prior to the time Plaintiff took possession of the Property by quitclaim deed.  In addition, the actual sale of the property was delayed for nearly eleven months from the date originally set forth on the notice.  Although there is little in the record before the court to indicate what the cause of the delay was or whether there was interchange between Plaintiff and Defendants during that time, the court is not inclined to presume Plaintiff had no information relating to the impending Trustee's sale for the entirety of the eleven-month delay.  As noted above, Plaintiff had the opportunity to cure the default at any time during this delay.  In this regard, the court notes that Plaintiff was no stranger to the process of foreclosure given his involvement with a similar set of circumstances in Winding v. NDEX West, 10cv2026, a proceeding before this court in which the trustee's sale had been conducted about five months prior to the trustee's sale in this case.

Second, the court agrees with Defendants that Plaintiff cannot allege prejudice with regard to the absence of notice because he has not alleged tender.  It is well established that a trustee's sale will not be set aside or invalidated unless there is prejudice to the trustor.  See Knapp, 123 Cal.App.4th 76, 94-95 (reviewing cases where prejudice was and was not evident).  Here the court has rejected Plaintiff's contention that the requirement of tender would be inequitable.  As previously discussed, the court has concluded that there is no basis upon which Plaintiff, having originally taken the Property by way of quitclaim deed, could be relieved of the obligation to pay the amount owing on the 2007 Trust Deed.  Since there has been no allegation of tender, Plaintiff cannot claim any interest in the Property as of the date of the foreclosure sale.  The court concludes that Plaintiff's claim for cancellation of void instrument will be denied because the requisite showing of prejudice has not been made.

**VI.     Leave to Amend**

Plaintiff's complaint will be dismissed in its entirety.  Generally, "[i]f a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).  Given that the original complaint was written by Jacob Winding representing Plaintiff *in pro per*, the court is inclined to grant limited leave to amend, even though amendment of Plaintiff's prior action in Winding v. NDEX West was unsuccessful.  However, the court imposes two limitations on any amendment.

First, in this case the court is aware that Jacob Winding was representing Plaintiff *in pro per* at the time the complaint was filed in Stanislaus County Superior Court.  Plaintiff was represented by counsel as of the time opposition was filed to Defendants' motion to dismiss, so the issue of Jacob Winding's authority to represent Top to Bottom Cleaning Service did not arise.  The court notes that recently Plaintiff's attorney of record has asked for, and been granted, permission to withdraw from the case.  Having not received any notice of substitution of counsel, the court presumes Plaintiff is without counsel as of this writing.  As previously noted by the Magistrate Judge, to the extent Plaintiff in this case, Top to Bottom Cleaning Services, is a partnership, Jacob Winding is not authorized to undertake its representation in court.

Second, the court has invalidated Plaintiff's theory that recovery can be had based on the fact that Defendants did not show that they possessed any interest in the promissory note.  In Winding v. NDEX West, the court also invalidated Plaintiff's theory that he was entitled to relief on the basis of a senior deed of trust.  Neither of these theories are viable under the facts of this case and the court will summarily dismiss any amendment that alleges claims for relief that are predicated on either theory.  Plaintiff will have 21-days from the date of this order to file any amendment.  Continuations of time to file an amended complaint will be

19

strongly disfavored.

THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that:

1. Defendants' request for judicial notice is granted as to all documents submitted for judicial notice.

3. Defendant's motion to dismiss pursuant to Rule 12(b)(6) is hereby GRANTED as to all claims set forth in Plaintiff's complaint. Plaintiff's complaint is hereby DISMISSED in its entirety as to all Defendants.

4. Any amended complaint shall be filed and served not later than twenty-one (21) days from the date of service of this order. If no amendment is filed within the allowed period, Defendants shall notify the court of Plaintiff's failure to amend and request the case be closed.

5. Defendant's motion to strike portions of Plaintiff's complaint is DENIED as moot.

IT IS SO ORDERED.

Dated:   June 24, 2011

CHIEF UNITED STATES DISTRICT JUDGE