**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JACOB WINDING dba Top to Bottom Cleaning Service,** )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**WELLS FARGO BANK, N.A., a National Association; CAL-WESTERN RECONVEYANCE, a California corporation; and DOES 1 through 100, inclusive,** )<br>)<br>)<br>)<br>)<br>)<br>**Defendant**s.  )<br>_____ ) | CV F 11 - 0555 AWI SKO<br><br>**ORDER CLOSING CASE AND RELATED ORDERS** |

On June 27, 2011, the court filed a memorandum opinion and order dismissing Plaintiff's complaint and ordering that any amended complaint be filed not later than twenty-one days from that date (hereinafter, the ("June 27 Order"). The twenty-one day period for filing of an amended complaint expired not later than July 22, 2011. No amended complaint has been filed as of this writing. Perhaps improvidently, the court requested that Defendants *notify* the court if no amended complaint was filed and served within the twenty-one day period and *request* the court close the case. The court's June 27 Order also notified Plaintiff that any requests for extension of time to file an amended complaint would be "strongly disfavored."

On July 29, 2011, Defendants noticed a motion to dismiss for failure to obey an order of the court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and scheduled a

hearing on the motion to dismiss for September 9, 2011, before the Magistrate Judge. On September 12, 2011, the court continued the hearing date until October 3, 2011, and transferred the hearing to Judge Ishii. On September 23, 2011, Plaintiff filed a motion to continue the hearing on Defendants' motion to dismiss until Thursday, October 13, 2011. Hearing on Plaintiff's motion to continue is also scheduled on October 3, 2011. Defendants oppose the request for extension of time.

The current spate of motions and oppositions has taken on procedural dimensions not originally intended by the court. It was the court's intent merely to be reminded when the twenty-one day time period had passed so that an order administratively closing the case could be filed. It was not the court's intention to instigate a series of derivative motions that do not get at the substantive issues presented by the court's June 27 Order. At issue, from the court's perspective, is (1) whether Plaintiff is, or has been, able to secure representation since, as previously pointed out by the Magistrate Judge, he is not entitled to represent the partnership that nominally instituted this action, and (2) whether Plaintiff has identified any legal theory that would not be summarily dismissed pursuant to the June 27 Order. There is nothing before the court to indicate that Plaintiff has addressed, or can address, either of the issues identified by the court in its June 27 Order.

In consideration of the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion to extend time for response to Defendants motion to dismiss is hereby STRUCK as impertinent because Plaintiff lacks capacity to represent Top To Bottom Cleaning Services, a partnership.
2. Defendants' motion to dismiss is hereby construed by the court as notice of Plaintiff's failure to Amend within the twenty-one days permitted by the court and as a request to close the case.
3. All currently set hearing dates are hereby VACATED.

4. Any currently unresolved motions are hereby DENIED as moot.

5. The Clerk of the Court shall CLOSE THE CASE. The Clerk of the Court shall ENTER JUDGMENT in favor of DEFENDANTS.

6. Should Plaintiff seek to file and serve any motion for reconsideration or motion to reopen this action on any ground, Defendants are hereby ORDERED to not respond to any pleading by Plaintiff unless ordered to do so by the court.

IT IS SO ORDERED.

Dated:    September 29, 2011                                  _____
                                                              CHIEF UNITED STATES DISTRICT JUDGE

3