# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB WINDING dba TOP TO BOTTOM CLEANING SERVICE, | CASE NO. 1:11-cv-00555-AWI-SKO |
| Plaintiff, | |
| v. | **ORDER FOR SUPPLEMENTAL BRIEFING** |
| WELLS FARGO BANK, a National Association, et al., | |
| Defendants. | |

## I.   INTRODUCTION

On October 28, 2011, Defendant Wells Fargo, N.A. filed a motion for attorney's fees. (Doc. 40.)  For the reasons set forth below, the Court finds that supplemental briefing is necessary. Defendant shall file a supplemental brief **on or before December 14, 2011**, and Plaintiff may file a statement in response to Defendant's supplemental brief **on or before January 9, 2012**.  The hearing set for December 7, 2011, is VACATED and **RESET to January 25, 2012.**

## II.   PROCEDURAL BACKGROUND

On March 3, 2011, Plaintiff, Jacob Winding dba Top to Bottom Cleaning Service, filed a complaint in Stanislaus County Superior Court alleging claims against Wells Fargo Bank, N.A. ("Wells Fargo") and Cal-Western Reconveyance Corporation ("Cal-Western") (collectively, "Defendants") for monetary damages, declaratory and injunctive relief, and to quiet title of real

property located at 302 California Avenue, Modesto, California (the "Property").   Defendants

removed Plaintiff's complaint to this court on April 4, 2011.   At the time Plaintiff filed his initial

complaint, neither he nor Top to Bottom Cleaning Service was represented by counsel.

On April 19, 2011, Defendants filed a motion to dismiss the complaint and a motion to strike

portions of the complaint.  (Docs. 6, 7.)  On May 9, 2011, attorney Vernon Goins, Esq., made an

appearance on Plaintiff's behalf by filing an opposition to Defendants' motions to dismiss and to

strike.  (Doc. 9.)  On May 13, 2011, however, Mr. Goins filed a motion to withdraw as Plaintiff's

counsel.  (Doc. 11.)  On June 10, 2011, Mr. Goins was permitted to withdraw as counsel of record

for Plaintiff.  (Doc. 20.)  On June 27, 2011, Plaintiff's complaint was dismissed and he was granted

leave to file an amended complaint.  (Doc. 22.)  In dismissing Plaintiff's complaint, the district court

noted a condition of amendment:

> First, in this case the court is aware that Jacob Winding was representing Plaintiff *in pro per* at the time the complaint was filed in Stanislaus County Superior Court. Plaintiff was represented by counsel as of the time opposition was filed to Defendants' motion to dismiss, so the issue of Jacob Winding's authority to represent Top to Bottom Cleaning Service did not arise.   The court notes that recently Plaintiff's attorney of record has asked for, and been granted, permission to withdraw from the case.  Having not received any notice of substitution of counsel, the court presumes Plaintiff is without counsel as of this writing.   As previously noted by the Magistrate Judge, to the extent Plaintiff in this case, Top to Bottom Cleaning Service, is a partnership, Jacob Winding is not authorized to undertake its representation in court.

(Doc. 22, 19:10-19.)

Plaintiff failed to file an amended complaint, and on September 30, 2011, the Court closed

the case, and judgment was entered in favor of Defendants.  (Docs. 37, 38.)  Thereafter, on October

28, 2011, Defendant Wells Fargo filed its motion for attorney's fees as a prevailing party in the

litigation.  (Doc. 40.)  The request for attorney's fees seeks an award "between $23,752.00 and

$24,547.00 in attorneys' fees against plaintiff Jacob Winding."  (Doc. 40, 22:2-3.)

### III.   FACTUAL BACKGROUND

As previously stated, this action involves real property located at 302 California Avenue,

Modesto, California.  Plaintiff has alleged in his complaint that Plaintiff "did and at all relevant times

purchase the deed to the improved real property located at: 302 California Avenue, Modesto,

California."  (Doc. 1, p. 13, ¶ 10.)  The district court, however, in its order dismissing Plaintiff's

complaint, found these factual allegations regarding ownership of the Property to be potentially misleading "in that important facts concerning the conditions under which Plaintiff assumed ownership are omitted." (Doc. 22, 5:11-14.)

The prior owners of the Property were Warner and Iris Bowers.  As documented by Defendants' exhibits that were judicially noticed by the district court, on May 29, 2007, World Savings Bank loaned $217,000 (the "Loan") to Warner and Iris Bowers secured by a first trust deed against the Property ("2007 Trust Deed"). (Doc. 8, Exhibit A.)  World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB on December 31, 2007.  (Doc. 8, Exhibit C.)  Thereafter, the Comptroller of the Currency certified the change of Wachovia Mortgage to Wells Fargo Bank Southwest and the merger of Wells Fargo Bank, Southwest with and into Wells Fargo Bank, N.A. on November 1, 2009.  (Doc. 8, Exhibit E.)

A Notice of Default on the Loan was recorded on May 27, 2009, by Cal-Western on behalf of Wachovia Mortgage.  (Doc. 8, Exhibit H.)  The Notice of Default lists Warner and Iris Bowers as trustors on the 2007 Trust Deed.  On December 4, 2009, the Property was transferred by quitclaim deed from Warner and Iris Bowers to "TTB Services, Inc."  The quitclaim deed was recorded on December 7, 2009.  (Doc. 8, Exhibit I.)  A Notice of Trustee's Sale was recorded on February 25, 2010, indicating that the sale of the Property would occur on March 17, 2010.  (Doc. 8, Exhibit J.) On April 1, 2010, title to the Property was transferred by means of a "Corporation Grant Deed" from TTB Services, Inc. to Top to Bottom Cleaning Service, a partnership.  (Doc. 8, Exhibit K.)  Plaintiff has alleged that the actual Trustee's Sale occurred on or about February 28, 2011. (Doc. 1, p. 14, ¶ 15.)

## IV.   DISCUSSION

The claims set forth in the complaint appear to be based on an alleged interest in the Property.  The property was not deeded to Plaintiff individually; it was deeded by quitclaim first from Warner and Iris Bowers to TTB Services, Inc., of which Jacob Winding is apparently the sole proprietor. The Property was then grant deeded from TTB Services, Inc. to Top to Bottom Cleaning Service, a partnership.  The complaint was brought in the name of "Jacob Winding dba Top to Bottom Cleaning Service."  It appears that Plaintiff's claims were asserted on behalf of Top to Bottom

Cleaning Service, as opposed to Jacob Winding in his individual capacity.  This is particularly so because the factual allegations indicate that the underlying basis for the alleged property interest was Top to Bottom Cleaning Service's acquisition of the deed to improved real property located at 302 California Avenue, Modesto, California.  (Doc. 1, p. 12, ¶ 2; Doc. 1, p. 13, ¶ 10.)  The "Corporation Grant Deed" that was filed with the Stanislaus County Recorder on April 1, 2010, indicates that it was Top to Bottom Cleaning Service, not Jacob Winding as an individual, who was deeded an interest in the Property.  (Doc. 1, p. 24, Exhibit A.)  Thus, the claims alleged in the complaint appear predicated on Top to Bottom Cleaning Service's interest in the Property, not Jacob Winding's personal interest in the Property.

Wells Fargo's motion seeks an award of attorney's fees against "Jacob Winding," apparently in his capacity as an individual, but it is not clear that Jacob Winding, as an individual, is a proper party to this action.  To the extent that Jacob Winding brings these claims on behalf of Top to Bottom Cleaning Service, the district court noted in its order dismissing Plaintiff's complaint that Plaintiff is not authorized to undertake representation of the partnership in federal court.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities.").  Although Plaintiff had counsel at the time the opposition to Defendants' motion to dismiss was filed, Plaintiff's counsel has since withdrawn and Plaintiff has not filed a request for substitution of counsel nor has any other counsel made an appearance on behalf of Plaintiff. [1]

///

///

///

---

[1] The fact that Plaintiff's counsel was permitted to withdraw before Wells Fargo's motion for attorney's fees was filed and submitted for decision distinguishes this case from *Jacob Winding dba Top to Bottom Cleaning Service v. Wells Fargo*, *N.A. et al.*, No. 1:10-cv-02026-AWI-DLB (E.D. Cal.).  In that case, which involved many of the same parties and similar facts, Wells Fargo was awarded attorney's fees, but Plaintiff's attorney of record had not yet been permitted to withdraw as counsel at the time the order awarding fees was issued.  Thus, Top to Bottom Cleaning Service had counsel for the entirety of the litigation and the award of Wells Fargo attorney's fees was not issued against an *unrepresented* artificial entity.  To the extent that Wells Fargo is seeking an award of attorney's fees against Top to Bottom Cleaning Service as the Plaintiff in this case, Wells Fargo has not cited authority indicating whether the Court may enter an order for attorney's fees against an artificial entity that is unrepresented.

**V.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.    **On or before December 14, 2011,** Wells Fargo shall submit a supplemental brief indicating

    a.    Whether Jacob Winding as an individual, separate and distinct from Top to Bottom Cleaning Service, is a party to the action;

    b.    Whether Wells Fargo is seeking attorney's fees from Jacob Winding as an individual or against Top to Bottom Cleaning Service, a partnership; and

    c.    To the extent that attorney's fees are sought against the partnership, Top to Bottom Cleaning Service, whether the Court may impose attorney's fees on an unrepresented artificial entity;

2.    **On or before January 9, 2012,** Plaintiff may file a response to Wells Fargo's supplemental brief; and

3.    The hearing set for December 7, 2011, is VACATED and **RESET to January 25, 2012.**

IT IS SO ORDERED.

**Dated:    November 30, 2011**            _/s/ Sheila K. Oberto_
                                     UNITED STATES MAGISTRATE JUDGE